IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RONNIE MORGAN, | § | |
|     PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:15-cv-00032 |
| | § | THE HONORABLE SIM LAKE |
| MEDTRONIC PS MEDICAL, INC., | § | |
|     DEFENDANT | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 12(c)
MOTION FOR JUDGMENT ON THE PLEADINGS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

### A.     Introduction

1. Plaintiff is Ronnie Morgan; Defendant is Medtronic, Inc. (incorrectly named as Medtronic PS Medical, Inc.).

2. Plaintiff sued Defendant in state court for damages as a result of a product defect in a product manufactured by Defendant.

3. Defendant removed the case to this Honorable Court.

4. After removal Defendant filed a Motion for Judgment on the Pleadings.

5. Plaintiff files this Response respectfully asking the Court to deny Defendant's motion.

### B.     Argument

6. Defendant's Motion for Judgment on the Pleadings is premature. Pursuant to the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FRCP 12(c). Plaintiff avers that the pleadings are not yet closed.

7. When considering Defendant's motion, the court must construe the factual allegations in the Complaint in the light most favorable to Plaintiff. *Collins vs. Morgan Stanley Dean Witter*, 224 F. 3d 496, 498-499 (5th Cir. 2000). If the factual allegations in Plaintiff's Complaint support any legal theory that entitles Plaintiff to some relief, the court should overrule Defendant's motion.

8. Among other allegations contained in his Complaint, Plaintiff alleged that on October 16, 2013, Plaintiff was admitted to Clear Lake Regional Medical Center complaining of pain, nausea, vomiting and chills, consistent with drug withdrawal. Further, Plaintiff alleged that Defendant's pump malfunctioned by failing to provide a warning that it was going to run out of morphine. While in the hospital, it was discovered that Defendant's intrathecal pump had malfunctioned (surgeon's words). *See* Medical Records from Clear Lake Regional Medical Center, Vol. 1 of 2, pp 13-14 (Exhibit "A" hereto). Plaintiff received no warning that the pump was going to no longer pump morphine, nor that it had run out of morphine.

9. Plaintiff further alleged that the pump was defective and unreasonably dangerous in its manufacture when it left the hands of the Defendant in that the pump deviated from product specifications.

10. As this case was initially filed in State Court, the Plaintiff was only required to give defendant notice of his claim. Fair notice was given to the Defendant.

11. In order to prove his claim, discovery would have to take place, in order for Plaintiff to accurately prove that the pump deviated from the specifications or planned output approved by the FDA.

12. Plaintiff has alleged facts necessary to prove each element of a product liability claim for a manufacturing defect.

## C. Conclusion

13. Because Plaintiff's factual allegations support a claim upon which relief can be granted, the court should deny Defendant's motion and retain the case on the court's docket. In the alternative, if the court determines that Plaintiff has failed to state a claim, Plaintiff asks this court to grant leave to amend the Complaint.

## D. Prayer

13. WHEREFORE, Plaintiff respectfully prays that after consideration of Defendant's motion and Plaintiff Response thereto, this Honorable Court deny Defendant's motion, retain the case on the court's docket, or in the alternative, grant Plaintiff leave to amend his Complaint. Plaintiff respectfully prays for such other and further relief to which he may be entitled in the premises.

Respectfully submitted,

BENCKENSTEIN, NORVELL & NATHAN, LLP

BY  /s/ *Michael R. McGown*
    MICHAEL R. McGOWN
    ATTORNEY-IN-CHARGE AND
    ATTORNEY TO BE NOTICED
    TEXAS BAR NO. 13647000
    FEDERAL BAR NO. 19535
    POST OFFICE BOX 551
    BEAUMONT, TEXAS 77704-0551
    (409) 833-4309 (TELEPHONE)
    (409) 833-9558 (FACSIMILE)
    mmcgown@bnnlaw.com

**AND**

BENNETT LEGAL, PC

BY  */s/ Barry C. Bennett*
    BARRY C. BENNETT
    ATTORNEY TO BE NOTICED
    TEXAS BAR NO. 02137600
    FEDERAL BAR NO. 17899
    POST OFFICE BOX 5529
    BEAUMONT, TEXAS 77726-5529
    (409) 861-4590 (TELEPHONE
    (409) 861-4591 (FACSIMILE)
    barry@barrybennettlegal.com
ATTORNEYS FOR THE PLAINTIFF

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record via the Court's e-filing system and by facsimile transmission, on this 12th day of March, 2015.

    Julie A. Hardin              713-469-3899 – fax
    Curtis R. Waldo
    REED SMITH LLP
    811 Main Street, Suite 1700
    Houston, Texas 77002

    Joe W. Tomaselli, Jr.      214-880-9901 - fax
    GOLDMAN ISMAIL TOMASELLI
      BRENNAN & BAUM LLP
    2515 McKinney Ave., Suite 1250
    Dallas, Texas 75201

                                      BY  */s/ Michael R. McGown*
                                              MICHAEL R. McGOWN